```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

Pierre Capron,                  :
       Petitioner,              :
                                :
     v.                         :     File No. 1:06-CV-232
                                :
Robert Hofmann,                 :
Commissioner, Vermont           :
Department of Corrections,      :
       Respondent.              :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 4)

Petitioner Pierre Capron, proceeding *pro se*, brings before the Court his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In challenging his state court convictions, Capron argues ineffective assistance of counsel. He also claims that his plea agreement was void, and that the state court failed to allow him witnesses or an expert during his post-conviction review proceeding. The Vermont Supreme Court has reviewed Capron's post-conviction claims and denied him relief. For the reasons set forth below, I recommend that his federal petition for a writ of habeas corpus be DENIED.

### Factual Background

On August 19, 2004, Capron was placed on a suspended sentence of 2-4 years for felony possession of marijuana. In the presence of his attorney, he signed a detailed waiver

of rights and a request to enter a plea.  On May 11, 2005, Capron admitted to violating his probation by engaging in threatening and violent behavior.  This behavior also gave rise to two new charges for burglary and simple assault.

At the probation violation hearing, Capron agreed to the imposition of the underlying 2-4 year sentence, contingent upon the court accepting a plea in the burglary/assault case with a contemplated sentence of 1-4 for years.  The resulting effective sentence, if the court accepted Capron's plea, was to be 3-8 years for all offenses.  Capron subsequently relinquished his right to a hearing on the violation of probation charge, and admitted to having engaged in threatening and violent behavior.

After the State amended the charges in the burglary/assault case, Capron decided not to enter a guilty plea and the case proceeded to trial.  During the trial, the parties reached an agreement under which Capron would plead guilty to simple assault, and would receive a sentence of 6-12 months.  The resulting effective sentence for all offenses was 2½ to 5 years -- a better result for Capron than the 3-8 years he had been prepared to accept prior to trial.

On May 25, 2005, Capron filed a *pro se* petition for post-conviction relief challenging the marijuana conviction underlying his 2-4 year sentence.  Specifically, Capron claimed ineffective assistance of counsel, alleging that counsel failed to investigate and had misled him as to the law.  He also challenged the validity of the search warrant used in the case.

In an amended petition, filed through court-appointed counsel, Capron claimed that he had only admitted the violation of probation charge as part of a "package" plea agreement, and that the "package" fell through when the contemplated plea never happened and the case proceeded to trial.  Appointed counsel subsequently withdrew from the case when Capron insisted on pursuing his original petition.[1]

Prior to counsel's withdrawal, Capron filed several *pro se* requests for the court to hire an expert on his behalf and to subpoena witnesses.  The court informed Capron that because he was represented, his attorney would need to make all such filings.  After counsel withdrew, Capron renewed

---

[1] In his motion to withdraw, counsel explained that "Mr. Capron now wants to proceed with his original pro se petition as well as with the amended petition filed by me, against my advice.  I do not believe that I can ethically advance his claims."  (Paper 2-3 at 36).

3

his requests.  The court denied the requests on several grounds.  Those grounds were summarized by the Vermont Supreme Court.

> First, the court found that the witnesses that petitioner sought to have subpoenaed appeared to be the fact witnesses to the underlying marijuana case, and it explained that petitioner's guilt or innocence was not at issue in his PCR proceeding.  It therefore denied his requests for subpoenas.  The Court also denied petitioner's "motion for leave to conduct limited discovery," which appeared to include a request that the court hire an expert on petitioner's behalf.  The court explained that the PCR had been pending for nine months and a hearing date had been set for February 2006.  Petitioner had been represented by counsel throughout almost this whole period and the parties thus had nine months to identify, secure, and disclose an expert.  The court noted that the petitioner was free to secure an expert but it would not delay the trial.

(Paper 6-3 at 2).

The PCR hearing was held in February 2006.  At the hearing Capron claimed, *inter alia*, that counsel had coerced him into pleading to the marijuana charge.  The court denied this claim, citing Capron's written waiver and statements made at his change of plea.  The court also rejected Capron's claims of ineffective assistance of counsel.  Noting that Capron had not offered testimony by either his trial attorneys or an expert, the court concluded that "trial counsel collectively and individually performed

4

competently and effectively." (Paper 6-2 at 3). In reaching this conclusion, the court primarily cited the success of Capron's lawyers in reaching advantageous plea agreements.

> Mr. Williams negotiated a completely suspended sentence for the Petitioner on a serious felony drug case. Only Petitioner's own misconduct caused him to lose the benefit of that bargain. Mr. Maguire convinced the State to dismiss the burglary charge before trial, and Mr. Bothfield negotiated a mid-trial deal for Mr. Capron that saw the reduced charge of unlawful trespass dismissed completely, and resulted in a sentence – 6-12 months – far more advantageous to Mr. Capron than that he originally negotiated at the time of his violation of probation admission.

Id. Accordingly, the court found that Capron had failed to show either the prejudice or the sub-standard performance required for a successful ineffective assistance claim.

Capron appealed the lower court's decision to the Vermont Supreme Court. He raised two issues on appeal: (1) that the lower court erred in denying his requests for witness subpoenas and an expert, and (2) that his admission on the violation of probation charge was "void" due to the contingent nature of his plea. The Vermont Supreme Court rejected both arguments.

On the first issue, the court upheld the PCR court's determination that Capron had already been allowed ample

time to secure an expert.  The court further concluded that expert testimony would have pertained solely to counsel's conduct prior to his plea on the marijuana charge. "Petitioner was aware of [his attorneys'] alleged shortcomings and nonetheless decided to go forward with his plea."  Id. at 3-4.  With respect to the subpoenas, the Vermont Supreme Court determined that Capron was attempting to "relitigate his guilt in the felony possession of marijuana case . . . .  As the trial court recognized, guilt or innocence is not at issue in a PCR proceeding."  Id. at 4 (citation omitted).

The court also denied Capron relief with respect to his allegedly "void" plea.  The court found that "despite changing his mind, petitioner never attempted to withdraw his admission to the VOP, nor did he pursue a direct appeal of the court's decision to revoke his probation and impose the underlying sentence."  Id.  Furthermore, after pleading guilty to the simple assault charge, Capron received a more lenient sentence than the one contemplated in his initial, "contingent" plea.  Thus, as the PCR court had found previously, the Vermont Supreme Court saw no prejudice resulting from Capron's initial plea agreement.

Capron is now pursuing a § 2254 petition. The petition sets forth two claims of ineffective assistance of counsel, one claim that the PCR court wrongfully denied him witness subpoenas and an expert, and a claim that his marijuana plea was void and unenforceable. The State has opposed the petition, arguing that this Court should not disturb the state courts' determinations on these issues.

## Discussion

The scope of federal habeas review of state convictions is a narrow one. See 28 U.S.C. § 2254(d). Under the § 2254 standard, the reviewing court may grant habeas relief only where the state court's adjudication of the federal claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas relief is also warranted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," or where the petitioner presents clear and convincing evidence to rebut the presumption that state court findings of fact are correct. See 28 U.S.C. § 2254(d)(2); § 2254(e)(1).

A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000).  Furthermore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001) (citing Williams, 529 U.S. at 411).

I.  Ineffective Assistance of Counsel

Capron's ineffective assistance claims each pertain to the performance of counsel with respect to the possession of marijuana charge.  His first claim contains several subparts, including allegations of failure to investigate, failure to call witnesses, failure to move for dismissal and failure to act as a "competent advisor."  His second claim argues that counsel's ineffectiveness denied him his right to testify and his right to trial.

8

The Sixth Amendment guarantees to a criminal defendant "the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court has explained that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; [the petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Accordingly, in order to prevail on a Sixth Amendment claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id. at 688, 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome" of the petitioner's trial. Id. at 694.

Capron entered a plea of *nolo contendere* on his felony marijuana possession charge and received a suspended sentence. In the state PCR proceeding, he offered little evidence to show that counsel's advice on this matter was not "within the wide range of reasonable professional assistance." Id. at 689. Indeed, as both the lower court and the Vermont Supreme Court noted, Capron received a highly advantageous sentence on this serious charge. Capron ended up serving the sentence only because of his own subsequent misconduct.

Capron now claims that counsel should have conducted additional investigations and called witnesses to testify on his behalf. These alleged shortcomings were evident at the time of his plea, yet Capron decided nonetheless to enter his plea and accept the suspended sentence. Capron has suggested at times that his plea was the result of threats by counsel, and that counsel's advice was inadequate. Contrary to each of these claims, the PCR court properly

found that Capron's plea was both voluntary and knowing. As the Vermont Supreme Court commented, "[t]he fact that petitioner may now regret his decision [to enter a plea] does not render his plea involuntary." (Paper 6-3 at 4).

The PCR court's review of Capron's claims was limited by the facts provided. The court conceded that it was "somewhat handicapped in deciding [the ineffectiveness] issue by the failure of Petitioner to call either his trial attorneys or an expert who had reviewed the records of the various proceedings below." (Paper 6-2 at 3). The court also cited a petitioner's "substantial burden" on the issue of ineffectiveness of counsel, and found that Capron's testimony alone did not satisfy this burden. Id.

The facts underlying the charge of marijuana posession, although never taken to trial, support the state courts' conclusions that a suspended sentence was an advantageous result. According to the sworn declaration of a Vermont State Trooper, a 12-year-old living in Capron's home informed school officials, and later the State Police, that Capron was selling and consuming marijuana at a rate of "2-3 large vacuum bags . . . per month." (Paper 2 at 10). A search of Capron's property subsequently revealed 1.5 pounds

of "processed 'bud' marijuana" and $2,690 in cash. Police also found measuring devices and firearms. Id.

As the state courts properly found, Capron has a substantial burden of overcoming the presumption that his attorneys rendered adequate assistance and exercised reasonable professional judgment. See Shields v. Duncan, 2003 WL 22957008, at *15 (E.D.N.Y. Oct. 20, 2003) ("substantial burden") (citing Strickland, 466 U.S. at 688-89). The state courts also appropriately cited the two prongs of the Strickland standard.[2] Consequently, there is no basis for finding that their conclusions were contrary to clearly established federal law. 28 U.S.C. § 2254.

Nor is there any indication that the state courts unreasonably applied the law. Viewing the facts under the proper standards, the lower court concluded that not only had Capron failed to show sub-standard performance, but he had also failed to show prejudice. Given the evidence implicating Capron, the seriousness of the charge and the suspended nature of his eventual sentence, the facts support a finding of no prejudice.

---

[2] The lower court cited In re Grega, 2003 VT 77, 175 Vt. 631, 632-33 (2003), in which the Vermont Supreme Court applied the Strickland standard "[u]nder both the United States and Vermont Constitutions."

12

Finally, the state courts did not unreasonably apply the facts before them.  The few facts presented suggested only that counsel should have conducted additional investigations and called witnesses.  That counsel instead persuaded Capron to accept a suspended sentence on a felony drug charge does not, on its face, suggest ineffective assistance.  The PCR court found that "[a] review of the transcripts submitted, together with a review of the evidence in the underlying matters, shows" that counsel served "competently and effectively."  (Paper 6-2 at 3).  In light of the record before both this Court, Capron has failed to present clear and convincing evidence to rebut the presumption that the state court's findings of fact were correct.  See 28 U.S.C. § 2254(d)(2); § 2254(e)(1).  I therefore recommend that his claims of ineffective assistance of counsel be DENIED.

II.  Denials of Expert and Subpoenas at PCR Proceeding

Capron next claims that the PCR court erred when it denied his requests for a court-appointed expert and for the issuance of witness subpoenas.  He characterizes his challenge as a due process claim.  The PCR court denied the motion for a court-appointed expert on grounds of

13

timeliness.  The Vermont Supreme Court affirmed, citing the lower court's latitude on the issue and applying an abuse of discretion standard on appeal.  (Paper 6-3 at 3).

The Vermont Supreme Court also found that an expert would not have addressed the fundamental issue presented in the PCR proceeding.  Capron wanted to call an expert to testify about the effectiveness of his attorneys prior to his plea.  However, under Vermont law, Capron was bound by his knowing and voluntary plea, and the proposed expert would not have testified on the issue of voluntariness.  The Vermont Supreme Court therefore concluded that the trial court's denial of an expert was not erroneous.  Id. at 4.

With respect to the witness subpoenas, the Vermont Supreme Court found, as discussed above, that Capron's guilt or innocence was not at issue in the PCR proceeding. Because the proposed witnesses would have supported Capron's claim of innocence on the marijuana possession charge, denying witness subpoenas was deemed appropriate.  Id.

On both the expert and subpoena issues, it does not appear that the Vermont courts applied federal law.  Indeed, the PCR court's determinations were viewed in terms of state law precedent.  Moreover, courts in this Circuit have

generally held that due process claims arising out of state post-conviction proceedings are not cognizable on federal habeas review.  See, e.g., Diaz v. Greiner, 110 F. Supp. 2d 225, 235 (S.D.N.Y. 2000); Lugo v. Kuhlmann, 68 F. Supp. 2d 347, 376 n.15 (S.D.N.Y. 1999); Franza v. Stinson, 58 F. Supp. 2d 124, 151 (S.D.N.Y. 1999).  Several circuit courts have endorsed this view.  See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990).  Accordingly, habeas relief should not be granted on this claim.

III.  Validity of Plea Agreement

    Capron's final claim is that his plea agreement on the marijuana possession charge was void since the "contingency" upon which it was based, a plea to 1-4 years on the burglary and assault charges, never came to fruition.  Instead, Capron went to trial, and mid-trial agreed to a lesser sentence than that contemplated in the "void" agreement.

    As the State reportedly argued on appeal, "it was petitioner who decided not to fulfill his end of the agreement."  (Paper 6-3 at 4).  After changing his mind,

15

Capron never challenged the imposition of the first part of his plea pertaining to the Violation of Probation. The PCR court found, and the Vermont Supreme Court affirmed, that Capron's plea was knowing and voluntary and did not result in prejudice. Thus, the state courts concluded that Capron did not warrant post-conviction relief.

There is nothing before this Court to suggest that these conclusions should be disturbed. In his habeas petition, Capron does not claim that his plea was either unknowing or involuntary. His sole contention is that it was "contingent," and that the contingency never happened. Instead, what Capron received was *better* than the contingency. Given the lack of prejudice, and the state courts' findings that the VOP plea was knowing and voluntary, this Court should not grant Capron habeas corpus relief on his claim of a "void" plea.

## Conclusion

For the reasons set forth above, I recommend that Capron's petition for a writ of habeas corpus (Paper 1) be DENIED, that his motion for appointment of counsel (Paper 4) be DENIED as moot, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this

16

18th day of September, 2007.


                                  /s/ Jerome J. Niedermeier
                                  Jerome J. Niedermeier
                                  United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).